IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ROBERT BRUCE READ, JR., #1568901   §
                                    §
VS.                                 §    CIVIL ACTION NO. 4:18cv68
                                    §
RAY WHELESS, ET AL.                 §

## ORDER OF DISMISSAL

Robert Bruce Read, Jr., an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, brings this lawsuit in an attempt to challenge his Collin County conviction for one count of aggravated sexual assault of a child and two counts of indecency with a child, Cause Number 366-81170-06. The cause of action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation construing the lawsuit as a petition for a writ of habeas corpus and concluding that it should be dismissed as successive. Read has filed objections.

A civil rights complaint is the proper method of challenging conditions of confinement, such as claims that prison officials have been deliberately indifferent to a prisoner's safety. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). A habeas petition, on the other hand, is the proper means to seek release from prison. *Id.* A district court may construe a lawsuit that was filed improperly. *Id.* at 821. The Magistrate Judge properly construed the lawsuit as a petition for a writ of habeas corpus. Read's objections asking the Court to permit him to proceed with this lawsuit as a civil rights case lack merit.

Read previously filed a petition for a writ of habeas corpus challenging his conviction, which was dismissed with prejudice. *Read v. Director, TDCJ-CID*, No. 4:14cv144 (E.D. Tex. Feb. 1, 2017) (no appeal). The present petition should be dismissed in light of 28 U.S.C. § 2244(b)(3)(A). This Court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has

1

granted the petitioner permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838. In the present case, Read has not shown that he has received permission from the Fifth Circuit to file a successive petition. Moreover, a review of the Fifth Circuit's case information website reveals that he was denied permission to file a second or successive petition. *In re: Read*, No. 18-40053 (5th Cir. Feb. 16, 2018). The petition should be dismissed for lack of subject matter jurisdiction.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus be **DISMISSED** without prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 21st day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE